# EXHIBIT  A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td><strong>FOR COURT USE ONLY</strong><br><em>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OUTREACH CORPORATION, a Delaware corporation; CHAD O'CONNOR, an individual, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LINDSAY MELO, an individual,

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON
10/22/2020
By   /s/ Wai Shan Lee
Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Mateo County Superior Court<br>400 County Center, Redwood City, CA 94063 | CASE NUMBER: *(Número del Caso):*<br>20-CIV-04639 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rory C. Quintana, Quintana Hanafi, LLP 870 Market St., Ste. 819, San Francisco, CA 94102, 415-504-3121

| DATE:<br>*(Fecha)* 10/22/2020 | Neal I. Taniguchi | Clerk, by<br>*(Secretario)* /s/ Wai Shan Lee | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

Rory Quintana, SBN 258747
QUINTANA HANAFI, LLP
870 Market St., Ste. 819
San Francisco, CA 94102
Tel.: (415) 504-3121
Fax: (415) 233-8770
rory@qhplaw.com

*Attorneys for Plaintiff Lindsay Melo*

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON      10/22/2020
By_____/s/ Wai Shan Lee_____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
SAN MATEO COUNTY
UNLIMITED JURISDICTION

| | |
|---|---|
| **LINDSAY MELO**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**OUTREACH CORPORATION**, a Delaware corporation; **CHAD O'CONNOR**, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.:**   20-CIV-04639<br><br>**COMPLAINT:**<br><br>1. **SEXUAL HARASSMENT IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT;**<br>2. **FAILURE TO PREVENT HARASSMENT IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT;**<br>3. **DISCRIMINATION;**<br>4. **VIOLATION OF CALIFORNIA EQUAL PAY ACT; and**<br>5. **DEFAMATION.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LINDSAY MELO ("Melo" or "Plaintiff") brings this complaint against OUTREACH CORPORATION ("Outreach"), CHAD O'CONNOR ("O'Connor"), and DOES 1 through 10 (collectively "Defendants") for (1) sexual harassment; (2) failure to prevent harassment; (3) discrimination; (4) violation of California Equal Pay Act*;* and (5) defamation.

Plaintiff hereby alleges as follows:

///

1

## JURISDICTION AND VENUE

2

3

1.   Venue is proper in this County because the unlawful actions alleged herein occurred in San Mateo County.

4

5

2.   The damages sought in this matter exceed $25,000. This matter is thus properly submitted to the Court of Unlimited Jurisdiction for San Mateo County.

6

7

8

3.   On October 20, 2020, Plaintiff properly notified the Department of Fair Employment and Housing of her injuries and has received a "right-to-sue notice" prior to filing this Complaint. A true and correct copy of Plaintiff's "right-to-sue notice" is attached hereto as Exhibit A.

9

## PARTIES

10

11

12

4.   Plaintiff is an individual and resident of California. Defendant Outreach currently employs Plaintiff within the meaning of the California Labor Code and the California Government Code.

13

5.   Plaintiff is a resident of San Mateo County in this judicial district.

14

15

6.   Defendant Outreach is a Delaware corporation, with its principal headquarters at 333 Elliott Ave. W, Suite 500, Seattle, Washington.

16

17

18

7.   At all material times and for all purposes to the claims made herein, Defendant Outreach was an employer within the meaning of the California Labor Code and the California Government Code.

19

20

8.   Defendant O'Connor is an individual and resident of Washington.  Defendant Outreach currently employs Defendant O'Connor.

21

22

23

24

25

26

27

9.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff and therefore said Defendants are sued under fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to Plaintiff.  Plaintiff will seek leave of Court to amend this Complaint to state the true names and capacities of such fictitiously named Defendants when the same have been ascertained.

28

///

1

**FACTUAL ALLEGATIONS**

2

10.   Plaintiff has worked two tenures with Defendant Outreach. Initially hired as an

3

Enterprise Account Executive in or around December 2017, Plaintiff resigned her position in or

4

around January 2019. Plaintiff then returned to work as an Enterprise Account Executive for

5

Defendant Outreach in or around April 2020 and is still currently employed by Defendant.

6

11.   Defendant Outreach is a sales engagement platform that manages its customer's

7

interactions across various platforms, including email.

8

12.   Plaintiff's base salary is $135,000 per year, with a variable compensation of an

9

additional $135,000 per year making her total On Target Earnings ("OTE") $270,000 per year.

10

Plaintiff has also been granted a stock option to purchase 15,000 shares of Defendant Outreach's

11

Common Stock as a part of her compensation package.

12

13.   On information and belief, and notwithstanding Plaintiff's previous experience with

13

Defendant Outreach and her enterprise sales experience generally, Plaintiff was paid less than at

14

least two male Enterprise Account Executives with less experience both in sales generally, and

15

specifically with Defendant Outreach.

16

14.   Plaintiff returned to work for Defendant Outreach in part based on a professional

17

relationship with her previous supervisor whose employment was terminated shortly after her

18

return to work for Defendant Outreach

19

15.   Rather than working with her prior supervisor, Plaintiff was assigned to work for

20

Defendant Chad O'Connor.

21

16.   Mr. O'Connor was responsible for providing Plaintiff with support and leads for sales.

22

Despite repeated efforts to seek aide from Mr. O'Connor in order to achieve her OTE goals, Mr.

23

O'Connor instead focused on harassing Plaintiff, including by making comments related to: (a)

24

his sexual attraction to Plaintiff; (b) that he was single; (c) that O'Connor and Plaintiff needed to

25

get together and get drinks (d) that men and women had different sexual needs; (e) that men's

26

sexual needs were uncontrollable and akin to "cavemen"; (f) that women were too emotional; (g)

27

that he would like to "parade" Plaintiff in front of customers; (h) that sales was like dating, and

28

other harassing and offensive comments, including referring to Plaintiff as "sweet cheeks" and

"twinkle toes". O'Connor also frequently called or contacted Plaintiff after hours and asked invasive questions about Plaintiff's personal dating life. These comments, among others, were made almost every other day from approximately July 2020 through early September 2020.

17. On or about September 15, 2020, Plaintiff complained to Defendant Outreach regarding Mr. O'Connor's behavior and the equal pay issues described above.

18. On information and belief, following Plaintiff's complaints, on at least one occasion, Mr. O'Connor told at least one of Plaintiff's co-workers that Plaintiff, "coerced him," and that Plaintiff was trying to "entrap him" for a "payout from Outreach".

19. On information and belief, Plaintiff alleges that Mr. O'Connor had been reported to human resources prior to Plaintiff's complaint.

## FIRST CAUSE OF ACTION
### Sexual Harassment
### (Government Code § 12940(j))
### Against Defendant Outreach Corporation

20. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

21. Commencing soon after she was re-hired, Plaintiff was subjected to a pattern of unwanted, severe and/or pervasive sexual harassment by Defendant O'Connor, who was her supervisor, including harassment culminating in tangible adverse employment actions.

22. The foregoing conduct was not consented to, was based on Plaintiff's sex, and created a hostile work environment based on Plaintiff's sex.

23. Such conduct constitutes illegal sexual harassment in violation of Government Code section 12940(j), and other provisions of the Fair Employment and Housing Act ("FEHA").

24. Defendant Outreach, as Plaintiff's employer, is strictly liable for the conduct of O'Connor because he was at all relevant times employed by Defendant Outreach as Plaintiff's supervisor, as that term is defined by the FEHA.

25. As a proximate result of the harassment, Plaintiff suffered general and emotional distress damages in an amount according to proof.

26. As a further proximate result of the aforementioned violations, Plaintiff suffered harm and is entitled to recovery of medical expenses, unpaid wages, cost of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

27. The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of exemplary damages.

<div align="center">

**SECOND CAUSE OF ACTION**
**Failure to Prevent Harassment**
**(Government Code § 12940(k))**
**Against Defendant Outreach Corporation**

</div>

28. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

29. On information and belief, Plaintiff alleges that Defendant Outreach failed to implement adequate training, policies or instructions that would have prevented the aforementioned unlawful conduct that happened to Plaintiff. Defendant breached its duty to prevent, which resulted in the sexual harassment suffered by Plaintiff as described above.

30. As an actual and proximate result of the aforementioned violations, Plaintiff suffered general and emotional distress damages in an amount according to proof.

31. As a further proximate result of the aforementioned violations, Plaintiff suffered harm and is entitled to recovery of medical expenses, unpaid wages, cost of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

32. The aforementioned conduct, including the harassment and retaliation constitutes oppression, fraud, and malice, thereby entitling Plaintiff to an award of exemplary damages.

<div align="center">

**THIRD CAUSE OF ACTION**
**Gender Discrimination**
**(Government Code § 12940(k))**
**Against Defendant Outreach Corporation**

</div>

33. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

34.   At all times herein mentioned the FEHA, Government Code section 12940 *et seq*., was in full force and effect and binding on Defendant Outreach.  This statute requires Defendant to refrain from discriminating against any employee on the basis of sex.

35.  During Plaintiff's employment with Defendant, Defendant, through its agents, managers, supervisors, and employees, discriminated against Plaintiff because of her gender by harassing her, treating her less favorably in the terms and conditions of employment and denying her opportunities.

36. As a direct and proximate result of the violation of her rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, emotional distress, loss of self-esteem, grief, stress, anxiety, stigma, loss of earning capacity, humiliation and loss of enjoyment of life.

37.  As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees and costs according to proof.

38.  The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of exemplary damages.

### FOURTH CAUSE OF ACTION
**Violation of California Equal Pay Act**
**(California Labor Code § 1197.5)**
**Against Defendant Outreach Corporation**

39.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

40.   Defendant Outreach, at all relevant times, was required to comply with the California Equal Pay Act, Labor Code section 1197.5. This law prohibits paying an employee at wage rates less than the members of the opposite sex in the same establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

41.   Throughout Plaintiff's employment, Defendant Outreach willfully violated the California Equal Pay Act by paying Plaintiff at wage rates less than males in the same

establishment for equal work on jobs the performance of which required equal skill, effort, and responsibility and which were performed under similar working conditions.

42. As a proximate result of Defendant's willful, knowing and intentional violations of the California Equal Pay Act, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

43. As a proximate result of Defendant's willful, knowing and intentional violation of the California Equal Pay Act, Plaintiff has incurred, and will continue to incur interest, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**Defamation Per Se**
**Against All Defendants**

44. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

45. Defendant O'Connor, within the scope of his employment, knowingly made the false statement that Plaintiff "coerced him" into sexually harassing her, that she "entrapped him" for a "payday from [Defendant] Outreach."

46. On information and belief, Defendants made the false statements with the intent to vex and annoy Plaintiff.

47. Defendants failed to use reasonable care to determine the truth or falsity of the statements.

48. Plaintiff suffered damages because of the false statements described above and the statements were a substantial factor in causing those damages.

49. Plaintiff suffered economic damages including the loss of opportunity to earn commissions toward her target earnings.

50. Plaintiff suffered non-economic damages including harm to her personal and professional reputation and emotional distress.

51. In doing the acts alleged herein, Defendants acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to exemplary damages in an amount according to proof at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for the following judgment:

1.  Declaratory Judgment finding Defendant's conduct, as alleged herein, violated Plaintiff's rights pursuant to the California Labor Code and California Government Code;

2.  Awarding lost wages and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the law;

3.  Awarding compensatory damages for pain and suffering by reason of the actions of Defendants;

4.  Award of statutory penalties;

5.  Award of liquidated damages;

6.  Award of exemplary damages;

7.  Award of reasonable attorneys' fees and costs pursuant to Cal. Gov. Code section 12965 subdivision (b);

8.  Award of prejudgment interest; and

9.  For such other and further relief as the Court deems proper.

QUINTANA HANAFI, LLP

Date: October 22, 2020

Rory Quintana
On behalf of Plaintiff
Lindsay Melo

---

*Melo v. Outreach Corporation* San Mateo County Superior Court Case No. _____
COMPLAINT

# EXHIBIT A

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 21, 2020

Lindsay Melo
1633 Balboa Ave.
Burlingame, California 94010

RE:   **Notice to Complainant**
      DFEH Matter Number: 202010-11582321
      Right to Sue: Melo / Outreach Corporation

Dear Lindsay Melo:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 21, 2020

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202010-11582321
        Right to Sue: Melo / Outreach Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 21, 2020

Lindsay Melo
1633 Balboa Ave.
Burlingame, California 94010

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202010-11582321
        Right to Sue: Melo / Outreach Corporation

Dear Lindsay Melo:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 21, 2020 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Lindsay Melo                                                          DFEH No. 202010-11582321

                                          Complainant,

vs.

Outreach Corporation
333 Elliot Ave. W. Suite 500
Seattle, Washington 98119

                                          Respondents

_____

1. Respondent **Outreach Corporation**  is an **employer Outreach Corporation** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **Lindsay Melo**, resides in the City of **Burlingame,** State of **California.**

4. Complainant alleges that on or about **September 15, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, sexual harassment-hostile environment.

**Complainant was discriminated against** because of complainant's sex/gender and as a result of the discrimination was denied equal pay, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was denied reasonable accommodation for a disability.

**Additional Complaint Details:** I was re-hired at the same time as two male Enterprise Account Executives.  Notwithstanding the fact that I have more experience, both generally and with Outreach specifically, both of the male Account Executives are paid more than me and my female co-workers in similar positions. My supervisor, Chad O'Connor, has repeatedly harassed me and made inappropriate comments including July 24, 2020 – Mr. O'Connor called me at 4:26 p.m. and told me that I am "pretty, bubbly and nice," and that I could, "have any man she wanted."  In this conversation Mr. O'Connor said, "men are

Date Filed: October 21, 2020

cavemen…we want to club women over their heads, drag them into our caves and fool around with you." Mr. O'Connor stated that his son is 15 and horny, "walking around with a boner all day long" and that this is what men are like. Mr. O'Connor asked me how long I had been divorced, whether I was in a relationship and several questions about my former partner. July 28, 2020 – Mr. O'Connor called me and stated that he "missed" me. Mr. O'Connor then asked whether I had spoken with or seen met ex over the weekend. He then asked hem to confirm my relationship status and asked if I was still "good with her decision" to end my relationship.        July 29, 2020 – Mr. O'Connor called and greeted me with, "hi twinkle toes."

August 3, 2020 – When I mentioned that someone had reached out to me on LinkedIn to ask about the Director of Sales job at Outreach, Mr. O'Connor immediately responded by stating, "he just wants to date you. Guys do not want to be just friends, they are communicating with you to date you. You can't take the caveman out of us, we just want to fool around with you."

August 4, 2020 – When I asked why I was excluded from an enterpriser meeting invitation, Mr. O'Connor responded, "you know I love you." August 5, 2020 – Mr. O'Connor called me while eating a snack of vegetable and explained that because he was single he had to "stay sexy." He then mentioned traveling to the Bay Area for a "drinking night," and said, "come on, I want to have fun with you." He continued stating how he was active and had a fit body. August 7, 2020 – Mr. O'Connor called me and immediately said, "I hope you're drinking a cocktail." When I stated that an opportunity I had been working on had committed, he said, "oh I love you even more." He then stated that he was beginning to realize that the Outreach product was not suited for Enterprise and equated it, "to being on a fifth date with a woman, feeling liked to and realizing she is emotionally fucked up."August 10, 2020 – Mr. O'Connor asked me to write an email on his behalf and asked me to "not be too emotional because women tend to be too emotional." August 12, 2020 – During a West Coast Sales meeting, Mr. O'Connor described how he deals with his daughters differently than his sons, specifically he stated that for his daughters, as women, he just listens and doesn't try to solve any problems as "they just need to be heard." Later in this same call, Mr. O'Connor could be heard playing a song called "wet ass pussy." August 12, 2020 – Following his earlier sales meeting call, at around 9pm, Mr. O'Connor called me in what seemed like a drunken state and told me that he wanted to fly down to the Bay Area to "blow off some steam" and "have some fun" with me. August 13, 2020 – Mr. O'Connor called me and greeted by saying, "hey my little sweet cheeks." Later in the call, when discussing a sales opportunity with Cadence Design, Mr. O'Connor stated that it reflected the challenge of selling during the COVID pandemic as "this would have been a perfect opportunity to go onsite and show them how attractive [I] was," and that he would, "parade [me] in the office and they would drool and buy." He further said that Cadence design, "love to love some Lindsay," and that the company was filled with old white-haired men who would love to go to a strip club. Randomly he discussed how much money he had made stating it was between $996,000 and $1,100,000. Later that day, Mr. O'Connor again called me and called me "cutie-pie."

August 16, 2020 – Again appearing to be inebriated, Mr. O'Connor called me at around 7pm and left a voice message stating, "hello Miss Lindsay. I was thinking, we have to get the band together. . . we need to have a drinking night. . . we gotta get everyone together for a drinking night. We are overdue for a drinking night, long overdue. If you're around, call me."

Date Filed: October 21, 2020

August 19, 2020 – I emailed Mr. O'Connor detailing my concerns with being able to hit my ramping quota, which he said he would forward to Anna, but that he was going to re-write it so that it wasn't "emotional." When addressing my ramp quota being reduced after Anna read the email, he said, "you've got Anna and the woman-to-woman thing."

August 21, 2020 – During an Enterprise Sales Team meeting, Mr. O'Connor against discussed women and his daughters being emotional.  After the team meeting, Mr. O'Connor and I had a one-on-one meeting.  During our one-on-one call, while addressing an issue with a Sales Development Representative (SDR), Mr. O'Connor responded stating, "unfortunately when you are an attractive female who's probably older than him, they get a little feisty when you're pushing back.  Before ending the call, Mr. O'Connor said, "I'll chat with you later on my drive home, and I hope you'll be drinking."  Mr. O'Connor called me later that evening and discussed going to dinner with others who he said were, "dressed like simple people, not like how you and I dress.  I was wearing nice slacks and a sport coat, how do I say this, I was dressed like someone you would date." August 26, 2020 – I thanked Mr. O'Connor for a work-related issue, and he responded by stating, "I'm even better in person."  During this same call, when discussing an opportunity with a wealth management firm, he suggested that I reach out to employees and ask about a day in their life.  He said that they were willing to respond to my LinkedIn messages, because "even though [he] has more money, [I] am way cuter."  When discussing being back in the office, he said, "it's nice, I like being around people and Cassie is a cutie." August 27, 2020 – Knowing that I was taking a day off to drive and see her son, Mr. O'Connor stated that he would call me to which I said that I would be in my car with my children and he said, "entertain me, because mama needs some entertainment."  August 31, 2020 – I mentioned being in an upsetting situation with an online date and Mr. O'Connor asked "have you been intimate with him." Mr. O'Connor then told me that I should have "slow rolled things because the moment sex is part of the equation, you can't decipher between the emotions."  Mr. O'Connor then asked whether the person exercised and had a fit body stating, "you need someone that exercises, swims, and has a fit body."  He then stated that I should date someone older because I would have more in common with them.  I complained about these things around September 15 and thereafter heard that Mr. O'Connor has been telling people that I entrapped him, that I was looking for a payout and that I coerced him.  I have been on medical leave related to stress since these events took place.

Date Filed: October 21, 2020

VERIFICATION

I, **Rory C. Quintana**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On October 21, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Austin, TX**

-4-

*Complaint – DFEH No. 202010-11582321*

Date Filed: October 21, 2020

**PROOF OF SERVICE**

STATE OF CALIFORNIA, SAN FRANCISCO COUNTY.

     I, Rory C. Quintana am employed in San Francisco County, State of California.  I am over the age of 18 years of age and not a party to the within action.  My business address is 870 Market St., Ste. 819, San Francisco, CA 94102

     On October 22, 2020, I served the foregoing document(s) described as:
1. **NOTICE AND ACKNOWLEDGMENT OF RECEIPT – CIVIL TO OUTREACH CORPORATION;**
2. **COMPLAINT;**
3. **SUMMONS; and**
4. **PROOF OF SERVICE**

<div align="center">SEE SERVICE LIST</div>

[  ]    BY PERSONAL DELIVERY:  On this date I caused a true copy of the above-referenced document to be delivered by hand to each of the parties listed on the SERVICE LIST.

[ ]    BY OVERNIGHT DELIVERY: I caused the above-referenced document(s) to be delivered by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

[ X ]    BY ELECTRONIC TRANSMISSION: I caused the above-referenced document(s) to be sent by electronic mail to the e-mail addresses of each party listed on the SERVICE LIST.

[ ]    BY FIRST CLASS MAIL: I placed the above-referenced document(s) in a sealed envelope, with postage thereon fully prepaid, and deposited said envelope in a U.S. Postal Service mailbox in San Francisco, California on the date stated above, addressed to each of the named parties listed on the SERVICE LIST.

    Executed on October 22, 2020 at Austin, TX

         I declare under penalty of perjury under the laws of the State of California that the above is true and correct

                              Rory C. Quintana

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>SERVICE LIST</u>**
Melo v. Outreach Corp. et al.,
San Mateo County Case No.: 20-CIV-04639

Nicole Demmon – ndemmon@grsm.com
Partner
Gordon & Rees Scully Mansukhani
701 Fifth Avenue, Suite 2100
Seattle, WA 98104

Blair Walsh – bwalsh@grsm.com
Senior Counsel
Gordon & Rees Scully Mansukhani
275 Battery Street, Suite 2000
San Francisco, CA 94111

EXHIBIT  B

SARA A. MOORE  (SBN 294255)
BLAIR K. WALSH  (SBN: 263066)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
Smoore@grsm.com
Bwalsh@grsm.com

Attorneys for Defendant
OUTREACH CORPORATION

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| LINDSAY MELO, an individual,<br><br>                               Plaintiff,<br><br>          vs.<br><br>OUTREACH CORPORATION, a Delaware corporation; CHAD O'CONNOR, an individual, and DOES 1 through 10,inclusive,<br><br>                               Defendants. | CASE NO. 20-CIV-04639<br><br>**DEFENDANT OUTREACH CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br><br>Complaint Filed:  October 22, 2020 |

DEFENDANT OUTREACH CORPORATION ("Defendant") hereby answers the Complaint ("Complaint") filed by Plaintiff LINDSAY MELO ("Plaintiff") as follows:

## <u>GENERAL DENIAL</u>

Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in Plaintiff's Complaint, and further specifically denies that Plaintiff was damaged in the sum alleged or in any sum, or at all, by reason or any conduct on the part of Defendant, its officers, agents or employees.

///

///

///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses with respect to each cause of action of Plaintiff's Complaint.  By alleging the defenses set forth below, Defendant does not thereby agree or admit that it has the burden of proof, persuasion, or production with respect to any of elements of its defense or that Plaintiff has properly asserted any causes of action against Defendant.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiff's Complaint as a whole, and each and all causes of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendant alleges that Plaintiff's Complaint and each purported cause of action set forth therein, are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and 343; California Labor Code section 1197.5; California Business and Professions Code section 17208; and any other applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Exhaust Remedies)

Defendant asserts that the Complaint, and each purported cause of action set forth therein, is barred to the extent Plaintiff failed to timely and successfully exhaust her administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver and Estoppel)

Plaintiff's Complaint, and each cause of action therein, is barred by the doctrines of waiver and estoppel.

///

///

-2-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

Defendant asserts that Plaintiff is estopped from obtaining the relief sought, or pursuing any of the claims raised or causes of action contained in her Complaint under the doctrines of waiver, estoppel and laches by virtues of her acts, failure to act, conduct, representations, admissions, and the like.

**SIXTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

Each of Plaintiff's causes of action and claims for damages are barred, in whole or in part, by the doctrine of avoidable consequences.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Plaintiff suffered no damages, is barred from recovering any damages or must have any recovery reduced by virtue of her failure to exercise reasonable diligence to mitigate her alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

(Plaintiff's Conduct)

If Plaintiff has suffered damages or injuries, Plaintiff's negligence, by reason of her own acts, omissions, representations and/or course of conduct, were a contributing proximate cause of said damages or injuries.

**NINTH AFFIRMATIVE DEFENSE**

(No Causation)

Plaintiff is barred from recovery because any injuries or damages alleged by her, if any, were the result of new, independent, intervening or superseding causes that are unrelated to any conduct of Defendant.  Any action on the part of Defendant was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims were sustained.

///

///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## TENTH AFFIRMATIVE DEFENSE

(No Violation of Plaintiff's Rights)

Defendant has taken no action and made no omission that violated or sought to violate any statutory or constitutional right relating to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

(Plaintiff's Damages Caused by Third Party)

Plaintiff's damages, if any, were caused by a third party. Defendant asserts that persons, firms, corporations, entities, or organizations other than Defendant caused the damages sustained by Plaintiff, if any. By reason thereof, Defendant is not liable to Plaintiff for the alleged injuries, losses or damages.

## TWELFTH AFFIRMATIVE DEFENSE

(Comparative Fault)

The right of Plaintiff to any recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to Defendant pursuant to California Civil Code section 1431.2 and/or other applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Acts or Omissions of Plaintiff)

The Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Exclusivity)

Defendant asserts that the Complaint, and each purported cause of action set forth therein, is barred by reason of the California Worker's Compensation Act, California Labor Code Section 3600, *et seq*., which is the sole and exclusive remedy for some or all of Plaintiff's alleged injuries or damages.

///

///

///

-4-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

Plaintiff is not entitled to relief because Defendant's alleged conduct of which Plaintiff complains, if committed, was at all times motivated solely by legitimate, non-discriminatory, non-retaliatory, business-related considerations in accordance with all applicable state and federal laws.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Avoid Harm)

Defendant asserts that Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities or to otherwise avoid the harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Defendant asserts that Plaintiff at all times gave her consent, express or implied, to the acts, omissions, representations, communications and course of conduct of Defendant as alleged in the Complaint and each cause of action contained therein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

Defendant asserts that Plaintiff's Complaint, and each purported cause of action set forth therein fails to state facts sufficient for recovery of attorneys' fees or other litigation expenses.

## NINETEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Defendant asserts that Plaintiff's Complaint, including the damages prayed for therein, is barred and/or limited by the doctrine of after-acquired evidence.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Defendant asserts that it did not engage in any unlawful conduct towards Plaintiff. However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of Defendant's occurred, such conduct was neither authorized nor ratified by Defendant.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Defamation – Statements of Opinions)

Defendant alleges that Plaintiff's purported defamation cause of action fails because the alleged defamatory statements were opinions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Defamation – Truth)

Defendant allege that Plaintiff's purported defamation cause of action fails because the alleged defamatory statements were true and/or substantially true and/or made with a good faith basis for believing they were true.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Defamation – Consent)

Defendant alleges that Plaintiff's purported defamation cause of action is barred due to consent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Defamation – Privilege)

Defendant alleges that Plaintiff's purported defamation cause of action fails because the alleged defamatory statements were privileged, including but not limited to under the common interest privilege.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Defamation – No Malice)

Defendant alleges that Plaintiff's purported defamation cause of action fails because the alleged defamatory statements were made without malice.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available.  Also, because the Complaint is couched in conclusory terms, Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

-6-

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by way of her Complaint;

2.      That the Complaint be dismissed in its entirety with prejudice;

3.      For costs of suit incurred in defense of this action;

4.      For recovery of attorneys' fees expended in the defense of this action; and

5.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.


Dated: November 23, 2020                    GORDON REES SCULLY MANSUKHANI, LLP


                                            By:  _____
                                                  SARA A. MOORE
                                                  BLAIR K. WALSH
                                                  Attorneys for Defendant
                                                  OUTREACH CORPORATION

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**PROOF OF SERVICE**

*Lindsay Melo v. Outreach Corporation et al.*
*San Mateo County Superior Court, Case No. 20-CIV-04639*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111.  On the date set forth below, I served the within documents:

**DEFENDANT OUTREACH CORPORATION'S ANSWER**
**TO PLAINTIFF'S COMPLAINT**

☒   **Via E-Mail**:  by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below.  During the Coronavirus (Covid-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.

☒   **Via Court Approved Efiling/Eservice Vendor**:  by instructing a court approved Efiling/Eservice vendor to transmit via electronic service the document(s) listed above to the parties and/or email address(es) set forth below and/or listed on the court's website.

**Attorneys for Plaintiff:**

| | |
|---|---|
| Rory Quintana | Tel:   (415) 504-3121 |
| QUINTANA HANAFI, LLP | Fax:   (415) 233-8770 |
| 870 Market St., Ste. 819 | Email:  Rory@qhplaw |
| San Francisco, CA 94102 | |

**Attorneys for Chad O'Connor**

| | |
|---|---|
| | Tel:   (415) 984-8500 |
| | Fax:   (415) 984-8599 |
| Michael B. Sachs | Email:  Msachs@clarkhill.com |
| Clark Hill LLP | |
| One Embarcadero Center, Suite 400 | |
| San Francisco, CA 94111 | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **November 23, 2020** at San Francisco, California.

_____
Yehimi Olvera

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Jamie Olvera**

| | |
|---|---|
| **From:** | admin=aws.firstlegal.com@firstconnect.firstlegal.com on behalf of admin@aws.firstlegal.com |
| **Sent:** | Monday, November 23, 2020 6:08 PM |
| **To:** | Jamie Olvera; achavez@firstlegal.com |
| **Subject:** | First Legal Order Submitted - 7763702 - Lindsay Melo vs. Chad O'Connor, et al - 20-CIV-04639 |

First Connect eFile Order Confirmation                    View in First Connect





# Your eFiling Has Been Submitted!

This confirms your order to eFile the below document(s) has been submitted to the court.

Once your eFile order has been reviewed you will receive a status update with details stating if your documents were Accepted, Partially Accepted or Rejected by the Clerk, followed by your conformed or received copy(s) or else rejection notice.

| **First Legal Control #:** | **7763702** |
|---|---|

| Court | SMSC-REDWOOD CITY |
|---|---|

| | |
|---|---|
| Case Number | 20-CIV-04639 |
| Case Name | Lindsay Melo vs. Chad O'Connor, et al |
| Client Matter | CNA1222458 |
| Portal Reference Number | 4045422-01 |
| Court Transaction / Envelope Number(s) | 5352158 |
| Submitted On | 2020-11-23 18:01 |

**Document(s):**

DEFENDANT OUTREACH CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**Additional Instructions**

N/A

Should you have any questions, please contact Client Care and Success at 877.350.8698, email clientcare@firstlegal.com or you can log in and manage your cases and orders in First Connect.

Thank you for using First Legal.

EXHIBIT  C

Michael B. Sachs, Esq. (SBN 235048)
CLARK HILL LLP
One Embarcadero Center, Suite 400)
San Francisco, California 94111
Telephone:  (415) 984-8500
Facsimile:   (415) 984-8599
E-mail:       MSachs@clarkhill.com

Attorneys for Defendant
CHAD O'CONNOR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY MELO, an individual,<br><br>                                    Plaintiff,<br><br>          vs.<br><br>OUTREACH CORPORATION, a Delaware corporation; CHAD O'CONNOR, an individual, and DOES 1 through 10, inclusive,<br><br>                                    Defendants. | Case No.<br><br>**DEFENDANT CHAD O'CONNOR'S JOINDER IN NOTICE OF REMOVAL OF ACTION FILED BY DEFENDANT OUTREACH CORPORATION (28 U.S.C. § 1441(b) (DIVERSITY))**<br><br>Complaint Filed:  October 22, 2020 |

Defendant CHAD O'CONNOR hereby joins in the Notice of Removal filed by Defendant OUTREACH CORPORATION, thereby putting all parties on notice of the removal of the California state court action entitled, *Melo v. Outreach Corporation, et. al. (San Mateo County Superior Court,* Case No. 20-CIV-04639), to the United States District Court, Northern District of California.

Dated:  November 23, 2020                                    CLARK HILL, PLC

Michael B. Sachs
Attorneys for Defendant
CHAD O'CONNOR

-1-

# EXHIBIT  D

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Rory C. Quintana, SBN 258747<br>Quintana Hanafi, LLP<br>870 Market St., Ste. 819, San Francisco, CA 94102<br>TELEPHONE NO.: 415-504-3121   FAX NO. *(Optional)*: 415-233-8770<br>ATTORNEY FOR *(Name)*: Plaintiff Lindsay Melo | **FOR COURT USE ONLY**<br><br>**Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON  **10/22/2020**<br>By ____**/s/ Wai Shan Lee**____<br>**Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME:

CASE NAME:
Melo v. Outreach Corp., et al.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20-CIV-04639 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify)*: 5 - Defamation, discrimination, harassment, failure to prevent harassment, equal pay vio.
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 22, 2020

Rory C. Quintana
_____
(TYPE OR PRINT NAME)
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="float:right; border:1px solid;">
FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON
**10/22/2020**
By  **/s/ Wai Shan Lee**
Deputy Clerk
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OUTREACH CORPORATION, a Delaware corporation; CHAD O'CONNOR, an individual, and
DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LINDSAY MELO, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Mateo County Superior Court 400 County Center, Redwood City, CA 94063 | CASE NUMBER: *(Número del Caso):* **20-CIV-04639** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rory C. Quintana, Quintana Hanafi, LLP 870 Market St., Ste. 819, San Francisco, CA 94102, 415-504-3121

| DATE: *(Fecha)* **10/22/2020** Neal I. Taniguchi | Clerk, by *(Secretario)* /s/ Wai Shan Lee | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**  Print this form   Save this form   Clear this form

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON     10/22/2020
By_____/s/ Wai Shan Lee_____
            Deputy Clerk

1   Rory Quintana, SBN 258747
    QUINTANA HANAFI, LLP
2   870 Market St., Ste. 819
    San Francisco, CA 94102
3   Tel.: (415) 504-3121
    Fax: (415) 233-8770
4   rory@qhplaw.com

5

6   *Attorneys for Plaintiff Lindsay Melo*

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                         SAN MATEO COUNTY
                        UNLIMITED JURISDICTION
9

10  **LINDSAY MELO**, an individual,         | **CASE NO.:**   20-CIV-04639

11                                           | **COMPLAINT:**
                   Plaintiff,
12                                           | 1. **SEXUAL HARASSMENT IN**
          vs.                                |    **VIOLATION OF FAIR**
13                                           |    **EMPLOYMENT AND HOUSING**
                                             |    **ACT;**
14  **OUTREACH CORPORATION**, a Delaware     | 2. **FAILURE TO PREVENT**
    corporation; **CHAD O'CONNOR**, an       |    **HARASSMENT IN VIOLATION OF**
15  individual, and DOES 1 through 10, inclusive, | **FAIR EMPLOYMENT AND**
                                             |    **HOUSING ACT;**
16                                           | 3. **DISCRIMINATION;**
                   Defendants.               | 4. **VIOLATION OF CALIFORNIA**
17                                           |    **EQUAL PAY ACT; and**
18                                           | 5. **DEFAMATION.**
19
                                             | **DEMAND FOR JURY TRIAL**
20

21

22

23        Plaintiff LINDSAY MELO ("Melo" or "Plaintiff") brings this complaint against

24  OUTREACH CORPORATION ("Outreach"), CHAD O'CONNOR ("O'Connor"), and DOES 1

25  through 10 (collectively "Defendants") for (1) sexual harassment; (2) failure to prevent

26  harassment; (3) discrimination; (4) violation of California Equal Pay Act*;* and (5) defamation.

27        Plaintiff hereby alleges as follows:

28  ///

1

**JURISDICTION AND VENUE**

2

1.   Venue is proper in this County because the unlawful actions alleged herein occurred in

3

San Mateo County.

4

2.   The damages sought in this matter exceed $25,000. This matter is thus properly

5

submitted to the Court of Unlimited Jurisdiction for San Mateo County.

6

3.   On October 20, 2020, Plaintiff properly notified the Department of Fair Employment and

7

Housing of her injuries and has received a "right-to-sue notice" prior to filing this Complaint. A

8

true and correct copy of Plaintiff's "right-to-sue notice" is attached hereto as Exhibit A.

9

**PARTIES**

10

4.   Plaintiff is an individual and resident of California. Defendant Outreach currently

11

employs Plaintiff within the meaning of the California Labor Code and the California

12

Government Code.

13

5.   Plaintiff is a resident of San Mateo County in this judicial district.

14

6.   Defendant Outreach is a Delaware corporation, with its principal headquarters at 333

15

Elliott Ave. W, Suite 500, Seattle, Washington.

16

7.   At all material times and for all purposes to the claims made herein, Defendant Outreach

17

was an employer within the meaning of the California Labor Code and the California

18

Government Code.

19

8.   Defendant O'Connor is an individual and resident of Washington.  Defendant Outreach

20

currently employs Defendant O'Connor.

21

9.   The true names and capacities, whether individual, corporate, associate or otherwise, of

22

Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff and therefore

23

said Defendants are sued under fictitious names.  Plaintiff is informed and believes and thereon

24

alleges that each of the Defendants fictitiously named herein is legally responsible in some

25

actionable manner for the events described herein, and thereby proximately caused the damage to

26

Plaintiff.  Plaintiff will seek leave of Court to amend this Complaint to state the true names and

27

capacities of such fictitiously named Defendants when the same have been ascertained.

28

///

---

*Melo v. Outreach Corporation* San Mateo County Superior Court Case No. _____
COMPLAINT

1

**FACTUAL ALLEGATIONS**

2

10.   Plaintiff has worked two tenures with Defendant Outreach. Initially hired as an

3

Enterprise Account Executive in or around December 2017, Plaintiff resigned her position in or

4

around January 2019. Plaintiff then returned to work as an Enterprise Account Executive for

5

Defendant Outreach in or around April 2020 and is still currently employed by Defendant.

6

11.   Defendant Outreach is a sales engagement platform that manages its customer's

7

interactions across various platforms, including email.

8

12.   Plaintiff's base salary is $135,000 per year, with a variable compensation of an

9

additional $135,000 per year making her total On Target Earnings ("OTE") $270,000 per year.

10

Plaintiff has also been granted a stock option to purchase 15,000 shares of Defendant Outreach's

11

Common Stock as a part of her compensation package.

12

13.   On information and belief, and notwithstanding Plaintiff's previous experience with

13

Defendant Outreach and her enterprise sales experience generally, Plaintiff was paid less than at

14

least two male Enterprise Account Executives with less experience both in sales generally, and

15

specifically with Defendant Outreach.

16

14.   Plaintiff returned to work for Defendant Outreach in part based on a professional

17

relationship with her previous supervisor whose employment was terminated shortly after her

18

return to work for Defendant Outreach

19

15.   Rather than working with her prior supervisor, Plaintiff was assigned to work for

20

Defendant Chad O'Connor.

21

16.   Mr. O'Connor was responsible for providing Plaintiff with support and leads for sales.

22

Despite repeated efforts to seek aide from Mr. O'Connor in order to achieve her OTE goals, Mr.

23

O'Connor instead focused on harassing Plaintiff, including by making comments related to: (a)

24

his sexual attraction to Plaintiff; (b) that he was single; (c) that O'Connor and Plaintiff needed to

25

get together and get drinks (d) that men and women had different sexual needs; (e) that men's

26

sexual needs were uncontrollable and akin to "cavemen"; (f) that women were too emotional; (g)

27

that he would like to "parade" Plaintiff in front of customers; (h) that sales was like dating, and

28

other harassing and offensive comments, including referring to Plaintiff as "sweet cheeks" and

"twinkle toes".  O'Connor also frequently called or contacted Plaintiff after hours and asked invasive questions about Plaintiff's personal dating life.  These comments, among others, were made almost every other day from approximately July 2020 through early September 2020.

17. On or about September 15, 2020, Plaintiff complained to Defendant Outreach regarding Mr. O'Connor's behavior and the equal pay issues described above.

18. On information and belief, following Plaintiff's complaints, on at least one occasion, Mr. O'Connor told at least one of Plaintiff's co-workers that Plaintiff, "coerced him," and that Plaintiff was trying to "entrap him" for a "payout from Outreach".

19. On information and belief, Plaintiff alleges that Mr. O'Connor had been reported to human resources prior to Plaintiff's complaint.

## FIRST CAUSE OF ACTION
### Sexual Harassment
### (Government Code § 12940(j))
### Against Defendant Outreach Corporation

20.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

21.   Commencing soon after she was re-hired, Plaintiff was subjected to a pattern of unwanted, severe and/or pervasive sexual harassment by Defendant O'Connor, who was her supervisor, including harassment culminating in tangible adverse employment actions.

22.   The foregoing conduct was not consented to, was based on Plaintiff's sex, and created a hostile work environment based on Plaintiff's sex.

23.   Such conduct constitutes illegal sexual harassment in violation of Government Code section 12940(j), and other provisions of the Fair Employment and Housing Act ("FEHA").

24.   Defendant Outreach, as Plaintiff's employer, is strictly liable for the conduct of O'Connor because he was at all relevant times employed by Defendant Outreach as Plaintiff's supervisor, as that term is defined by the FEHA.

25.   As a proximate result of the harassment, Plaintiff suffered general and emotional distress damages in an amount according to proof.

26.   As a further proximate result of the aforementioned violations, Plaintiff suffered harm and is entitled to recovery of medical expenses, unpaid wages, cost of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

27.   The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of exemplary damages.

## SECOND CAUSE OF ACTION
### Failure to Prevent Harassment
### (Government Code § 12940(k))
### Against Defendant Outreach Corporation

28.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

29.   On information and belief, Plaintiff alleges that Defendant Outreach failed to implement adequate training, policies or instructions that would have prevented the aforementioned unlawful conduct that happened to Plaintiff. Defendant breached its duty to prevent, which resulted in the sexual harassment suffered by Plaintiff as described above.

30.   As an actual and proximate result of the aforementioned violations, Plaintiff suffered general and emotional distress damages in an amount according to proof.

31.   As a further proximate result of the aforementioned violations, Plaintiff suffered harm and is entitled to recovery of medical expenses, unpaid wages, cost of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

32.   The aforementioned conduct, including the harassment and retaliation constitutes oppression, fraud, and malice, thereby entitling Plaintiff to an award of exemplary damages.

## THIRD CAUSE OF ACTION
### Gender Discrimination
### (Government Code § 12940(k))
### Against Defendant Outreach Corporation

33.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

34.  At all times herein mentioned the FEHA, Government Code section 12940 *et seq*., was in full force and effect and binding on Defendant Outreach.  This statute requires Defendant to refrain from discriminating against any employee on the basis of sex.

35.  During Plaintiff's employment with Defendant, Defendant, through its agents, managers, supervisors, and employees, discriminated against Plaintiff because of her gender by harassing her, treating her less favorably in the terms and conditions of employment and denying her opportunities.

36. As a direct and proximate result of the violation of her rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, emotional distress, loss of self-esteem, grief, stress, anxiety, stigma, loss of earning capacity, humiliation and loss of enjoyment of life.

37.  As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees and costs according to proof.

38.  The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of exemplary damages.

## FOURTH CAUSE OF ACTION
### Violation of California Equal Pay Act
### (California Labor Code § 1197.5)
### Against Defendant Outreach Corporation

39.  Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

40.  Defendant Outreach, at all relevant times, was required to comply with the California Equal Pay Act, Labor Code section 1197.5. This law prohibits paying an employee at wage rates less than the members of the opposite sex in the same establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

41.  Throughout Plaintiff's employment, Defendant Outreach willfully violated the California Equal Pay Act by paying Plaintiff at wage rates less than males in the same

establishment for equal work on jobs the performance of which required equal skill, effort, and responsibility and which were performed under similar working conditions.

42.  As a proximate result of Defendant's willful, knowing and intentional violations of the California Equal Pay Act, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

43.  As a proximate result of Defendant's willful, knowing and intentional violation of the California Equal Pay Act, Plaintiff has incurred, and will continue to incur interest, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**Defamation Per Se**
**Against All Defendants**

44. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

45.  Defendant O'Connor, within the scope of his employment, knowingly made the false statement that Plaintiff "coerced him" into sexually harassing her, that she "entrapped him" for a "payday from [Defendant] Outreach."

46.  On information and belief, Defendants made the false statements with the intent to vex and annoy Plaintiff.

47.  Defendants failed to use reasonable care to determine the truth or falsity of the statements.

48.  Plaintiff suffered damages because of the false statements described above and the statements were a substantial factor in causing those damages.

49.  Plaintiff suffered economic damages including the loss of opportunity to earn commissions toward her target earnings.

50.  Plaintiff suffered non-economic damages including harm to her personal and professional reputation and emotional distress.

51.  In doing the acts alleged herein, Defendants acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to exemplary damages in an amount according to proof at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for the following judgment:

1. Declaratory Judgment finding Defendant's conduct, as alleged herein, violated Plaintiff's rights pursuant to the California Labor Code and California Government Code;

2. Awarding lost wages and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the law;

3. Awarding compensatory damages for pain and suffering by reason of the actions of Defendants;

4. Award of statutory penalties;

5. Award of liquidated damages;

6. Award of exemplary damages;

7. Award of reasonable attorneys' fees and costs pursuant to Cal. Gov. Code section 12965 subdivision (b);

8. Award of prejudgment interest; and

9. For such other and further relief as the Court deems proper.

QUINTANA HANAFI, LLP

Date: October 22, 2020

Rory Quintana
On behalf of Plaintiff
Lindsay Melo

# EXHIBIT A

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 21, 2020

Lindsay Melo
1633 Balboa Ave.
Burlingame, California 94010

RE:     **Notice to Complainant**
        DFEH Matter Number: 202010-11582321
        Right to Sue: Melo / Outreach Corporation

Dear Lindsay Melo:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 21, 2020

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202010-11582321
        Right to Sue: Melo / Outreach Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 21, 2020

Lindsay Melo
1633 Balboa Ave.
Burlingame, California 94010

RE:     **Notice of Case Closure and Right to Sue**
         DFEH Matter Number: 202010-11582321
         Right to Sue: Melo / Outreach Corporation

Dear Lindsay Melo:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 21, 2020 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Lindsay Melo                                                      DFEH No. 202010-11582321

                                   Complainant,

vs.

Outreach Corporation
333 Elliot Ave. W. Suite 500
Seattle, Washington 98119

                                   Respondents

_____

1. Respondent **Outreach Corporation**  is an **employer Outreach Corporation** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **Lindsay Melo**, resides in the City of **Burlingame,** State of **California.**

4. Complainant alleges that on or about **September 15, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, sexual harassment-hostile environment.

**Complainant was discriminated against** because of complainant's sex/gender and as a result of the discrimination was denied equal pay, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was denied reasonable accommodation for a disability.

**Additional Complaint Details:** I was re-hired at the same time as two male Enterprise Account Executives.  Notwithstanding the fact that I have more experience, both generally and with Outreach specifically, both of the male Account Executives are paid more than me and my female co-workers in similar positions. My supervisor, Chad O'Connor, has repeatedly harassed me and made inappropriate comments including July 24, 2020 – Mr. O'Connor called me at 4:26 p.m. and told me that I am "pretty, bubbly and nice," and that I could, "have any man she wanted."  In this conversation Mr. O'Connor said, "men are

-1-
*Complaint – DFEH No. 202010-11582321*

Date Filed: October 21, 2020

cavemen…we want to club women over their heads, drag them into our caves and fool around with you." Mr. O'Connor stated that his son is 15 and horny, "walking around with a boner all day long" and that this is what men are like. Mr. O'Connor asked me how long I had been divorced, whether I was in a relationship and several questions about my former partner. July 28, 2020 – Mr. O'Connor called me and stated that he "missed" me. Mr. O'Connor then asked whether I had spoken with or seen met ex over the weekend. He then asked hem to confirm my relationship status and asked if I was still "good with her decision" to end my relationship.         July 29, 2020 – Mr. O'Connor called and greeted me with, "hi twinkle toes."

August 3, 2020 – When I mentioned that someone had reached out to me  on LinkedIn to ask about the Director of Sales job at Outreach, Mr. O'Connor immediately responded by stating, "he just wants to date you. Guys do not want to be just friends, they are communicating with you to date you. You can't take the caveman out of us, we just want to fool around with you."

August 4, 2020 – When I asked why I was excluded from an enterpriser meeting invitation, Mr. O'Connor responded, "you know I love you." August 5, 2020 – Mr. O'Connor called me while eating a snack of vegetable and explained that because he was single he had to "stay sexy." He then mentioned traveling to the Bay Area for a "drinking night," and said, "come on, I want to have fun with you." He continued stating how he was active and had a fit body. August 7, 2020 – Mr. O'Connor called me and immediately said, "I hope you're drinking a cocktail." When I stated that an opportunity I had been working on had committed, he said, "oh I love you even more." He then stated that he was beginning to realize that the Outreach product was not suited for Enterprise and equated it, "to being on a fifth date with a woman, feeling liked to and realizing she is emotionally fucked up."August 10, 2020 – Mr. O'Connor asked me to write an email on his behalf and asked me to "not be too emotional because women tend to be too emotional." August 12, 2020 – During a West Coast Sales meeting, Mr. O'Connor described how he deals with his daughters differently than his sons, specifically he stated that for his daughters, as women, he just listens and doesn't try to solve any problems as "they just need to be heard." Later in this same call, Mr. O'Connor could be heard playing a song called "wet ass pussy." August 12, 2020 – Following his earlier sales meeting call, at around 9pm, Mr. O'Connor called me in what seemed like a drunken state and told me that he wanted to fly down to the Bay Area to "blow off some steam" and "have some fun" with me. August 13, 2020 – Mr. O'Connor called me and greeted by saying, "hey my little sweet cheeks." Later in the call, when discussing a sales opportunity with Cadence Design, Mr. O'Connor stated that it reflected the challenge of selling during the COVID pandemic as "this would have been a perfect opportunity to go onsite and show them how attractive [I] was," and that he would, "parade [me] in the office and they would drool and buy." He further said that Cadence design, "love to love some Lindsay," and that the company was filled with old white-haired men who would love to go to a strip club. Randomly he discussed how much money he had made stating it was between $996,000 and $1,100,000. Later that day, Mr. O'Connor again called me and called me "cutie-pie."

August 16, 2020 – Again appearing to be inebriated, Mr. O'Connor called me at around 7pm and left a voice message stating, "hello Miss Lindsay. I was thinking, we have to get the band together. . . we need to have a drinking night. . . we gotta get everyone together for a drinking night. We are overdue for a drinking night, long overdue. If you're around, call me."

-2-
*Complaint – DFEH No. 202010-11582321*

Date Filed: October 21, 2020

August 19, 2020 – I emailed Mr. O'Connor detailing my concerns with being able to hit my ramping quota, which he said he would forward to Anna, but that he was going to re-write it so that it wasn't "emotional." When addressing my ramp quota being reduced after Anna read the email, he said, "you've got Anna and the woman-to-woman thing."

August 21, 2020 – During an Enterprise Sales Team meeting, Mr. O'Connor against discussed women and his daughters being emotional.  After the team meeting, Mr. O'Connor and I had a one-on-one meeting.  During our one-on-one call, while addressing an issue with a Sales Development Representative (SDR), Mr. O'Connor responded stating, "unfortunately when you are an attractive female who's probably older than him, they get a little feisty when you're pushing back.  Before ending the call, Mr. O'Connor said, "I'll chat with you later on my drive home, and I hope you'll be drinking."  Mr. O'Connor called me later that evening and discussed going to dinner with others who he said were, "dressed like simple people, not like how you and I dress.  I was wearing nice slacks and a sport coat, how do I say this, I was dressed like someone you would date." August 26, 2020 – I thanked Mr. O'Connor for a work-related issue, and he responded by stating, "I'm even better in person."  During this same call, when discussing an opportunity with a wealth management firm, he suggested that I reach out to employees and ask about a day in their life.  He said that they were willing to respond to my LinkedIn messages, because "even though [he] has more money, [I] am way cuter." When discussing being back in the office, he said, "it's nice, I like being around people and Cassie is a cutie." August 27, 2020 – Knowing that I was taking a day off to drive and see her son, Mr. O'Connor stated that he would call me to which I said that I would be in my car with my children and he said, "entertain me, because mama needs some entertainment."  August 31, 2020 – I mentioned being in an upsetting situation with an online date and Mr. O'Connor asked "have you been intimate with him." Mr. O'Connor then told me that I should have "slow rolled things because the moment sex is part of the equation, you can't decipher between the emotions."  Mr. O'Connor then asked whether the person exercised and had a fit body stating, "you need someone that exercises, swims, and has a fit body."  He then stated that I should date someone older because I would have more in common with them.  I complained about these things around September 15 and thereafter heard that Mr. O'Connor has been telling people that I entrapped him, that I was looking for a payout and that I coerced him.  I have been on medical leave related to stress since these events took place.

Date Filed: October 21, 2020

VERIFICATION

I, **Rory C. Quintana**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On October 21, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Austin, TX**

-4-
*Complaint – DFEH No. 202010-11582321*

Date Filed: October 21, 2020

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, SAN FRANCISCO COUNTY.

3

      I, Rory C. Quintana am employed in San Francisco County, State of California.  I am over the age of 18 years of age and not a party to the within action.  My business address is 870 Market St., Ste. 819, San Francisco, CA 94102

4

5

      On October 22, 2020, I served the foregoing document(s) described as:

6

   **1.  NOTICE AND ACKNOWLEDGMENT OF RECEIPT – CIVIL TO OUTREACH CORPORATION;**

7

   **2.  COMPLAINT;**
   **3.  SUMMONS; and**

8

   **4.  PROOF OF SERVICE**

SEE SERVICE LIST

9

10

11

   [  ]    BY PERSONAL DELIVERY:  On this date I caused a true copy of the above-referenced document to be delivered by hand to each of the parties listed on the SERVICE LIST.

12

13

   [ ]    BY OVERNIGHT DELIVERY: I caused the above-referenced document(s) to be delivered by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

14

15

16

17

   [ X ]   BY ELECTRONIC TRANSMISSION: I caused the above-referenced document(s) to be sent by electronic mail to the e-mail addresses of each party listed on the SERVICE LIST.

18

19

   [ ]    BY FIRST CLASS MAIL: I placed the above-referenced document(s) in a sealed envelope, with postage thereon fully prepaid, and deposited said envelope in a U.S. Postal Service mailbox in San Francisco, California on the date stated above, addressed to each of the named parties listed on the SERVICE LIST.

20

21

22

   Executed on October 22, 2020 at Austin, TX

23

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct

24

25

              Rory C. Quintana

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>SERVICE LIST</u>**
Melo v. Outreach Corp. et al.,
San Mateo County Case No.: 20-CIV-04639

Nicole Demmon – ndemmon@grsm.com
Partner
Gordon & Rees Scully Mansukhani
701 Fifth Avenue, Suite 2100
Seattle, WA 98104

Blair Walsh – bwalsh@grsm.com
Senior Counsel
Gordon & Rees Scully Mansukhani
275 Battery Street, Suite 2000
San Francisco, CA 94111



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org

**FILED**

SAN MATEO COUNTY

10/23/2020

**Clerk of the Superior Court**

By   /s/ Wai Lee
     Deputy Court Clerk

## NOTICE OF CASE MANAGEMENT CONFERENCE

| | |
|---|---|
| Lindsay Melo | Case No: **20-CIV-04639** |
| **vs.** | |
| Chad O'Connor | Date and Time: **Thursday, 03/04/2021** **at 9:00 AM** |
| | Dept.: **11** |

You are hereby given notice of your Case Management Conference.  The date, time and department have been written above.

1. You are hereby given notice of your Case Management Conference.  The date, time and department are noted above:

   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action. Documents are available under the online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/

   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)].  Failure to do so may result in monetary sanctions.

   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are  ordered to show cause as to why you should not be sanctioned.  The order to Show Cause hearing will be at the same time as the Case Management Conference hearing.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a Civil Stipulation and Order to ADR Form and Order. You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

4. If you have filed a default or a judgment has been entered, your case may not automatically be taken off Case Management Conference Calendar if there are any parties pending, including "Does," "Roes," etc.   If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case.  If any party is in bankruptcy, the case is stayed only as to that named party.

5. All attorneys of record and self-represented parties are required to attend this conference*

6. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a) Referring parties to voluntary ADR and setting an ADR completion date;

   b) Dismissing or serving claims or parties;

   c) Setting a trial date.

7. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

Rev. Oct. 2020

RORY QUINTANA
QUINTANA HANAFI LLP
870 MARKET STREET SUITE 819
SAN FRANCISCO CA  94102

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 258747 | FOR COURT USE ONLY |
|---|---|---|

NAME: Rory C. Quintana
FIRM NAME: Quintana Hanafi, LLP
STREET ADDRESS: 870 Market St., Ste. 819
CITY: San Francisco   STATE: CA   ZIP CODE: 94102
TELEPHONE NO.: 415-504-3121   FAX NO.: 415-233-8770
E-MAIL ADDRESS: rory@qhplaw.com
ATTORNEY FOR (Name): Plaintiff Lindsay Melo

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME:

Plaintiff/Petitioner: Lindsay Melo
Defendant/Respondent: Outreach Corporation et al.,

**FOR COURT USE ONLY**

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON   **11/13/2020**
By   **/s/ Una Finau**
Deputy Clerk

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: 20-CIV-04639 |
|---|---|

TO (insert name of party being served): Outreach Corporation

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: October 22, 2020

Rory C. Quintana
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [✗] A copy of the summons and of the complaint.
2. [ ] Other *(specify)*:

*(To be completed by recipient):*

Date this form is signed: Nov. 12, 2020

Blair K. Walsh -  Attorney for Outreach Corporation
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]  [ Clear this form ]

**PROOF OF SERVICE**

*Lindsay Melo v. Outreach Corporation et al.*
*San Mateo County Superior Court, Case No. 20-CIV-04639*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111.  On the date set forth below, I served the within documents:

**NOTICE OF ACKNOWLEDGMENT OF RECEIPT (SIGNED)**

☒ **Via E-Mail**:  by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below.  During the Coronavirus (Covid-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.

☐ **Via Facsimile**:  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☐ **Via Hand**:  by causing the document(s) listed above to be hand delivered to the person(s) at the address(es) set forth below.

☐ **Via Fed Ex**:  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

☐ **Via U.S. Mail**:  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

**Attorneys for Plaintiff:**
Rory Quintana
QUINTANA HANAFI, LLP
870 Market St., Ste. 819
San Francisco, CA 94102

Tel: (415) 504-3121
Fax: (415) 233-8770
Email: Rory@qhplaw

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **November 12, 2020** at San Francisco, California.

_____
Yehimi Olvera

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

YOLVERA/19687691v.1

-2-
PROOF OF SERVICE

Michael B. Sachs, Esq., SBN 235048
**CLARK HILL LLP**
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone:     (415) 984-8500
Facsimile:     (415) 984-8599
MSachs@ClarkHill.com

Attorneys for Defendant
CHAD O'CONNOR

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON     11/23/2020
By     */s/ Una Finau*
**Deputy Clerk**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| LINDSAY MELO,<br><br>                              Plaintiff,<br><br>          v.<br><br>OUTREACH CORPORATION, a Delaware corporation; CHAD O'CONNOR, an individual, et al.,<br><br>                              Defendants. | Case No. 20-CIV-04639<br><br>**DEFENDANT CHAD O'CONNOR'S ANSWER TO PLAINTIFF LINDSAY MELO'S COMPLAINT**<br><br>Complaint Filed:  October 22, 2020 |

Defendant, CHAD O'CONNOR ("O'Connor" of "Defendant"), hereby answers the Complaint ("Complaint") filed by LINDSAY MELO ("Melo" or "Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each, every and all of the allegations in the Complaint and specifically denies that he did or failed to do anything which in any way caused or contributed to the accident, event, episode, injuries, if any, or damages, if any, either as alleged, otherwise or at all; and specifically denies that the Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise or at all.

/ / /

1
**DEFENDANT CHAD O'CONNOR'S ANSWER
TO PLAINTIFF LINDSAY MELO'S COMPLAINT**

**AFFIRMATIVE DEFENSES**

Defendant asserts the below affirmative defenses, based on information and belief, to preserve issues and not to constitute admissions or to shift any evidentiary burdens of proof or production. Therefore, without waiving or excusing Plaintiff's own, and respective, burdens of proof and production of evidence, Defendant further alleges as and for his affirmative defenses to all causes of action asserted against him in the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

1.     Each and every allegation in the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2.     The Complaint, including each alleged cause of action, is barred by the applicable statute of limitations, including but not limited to *Code of Civil Procedure* § 340(c) and California Civil Code 3425.1-3425.5.

**THIRD AFFIRMATIVE DEFENSE**

3.     The Complaint, including each purported cause of action therein, is barred, in whole or part, by the equitable doctrines of estoppel, laches, waiver, release, and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

4.     To the extent Defendant made any statement alleged by Plaintiff (which is expressly denied), such statement or statements were true.

**FIFTH AFFIRMATIVE DEFENSE**

5.     To the extent Defendant made any statement alleged by Plaintiff (which is expressly denied), such statement, or statements, were statements of opinion.

**SIXTH AFFIRMATIVE DEFENSE**

6.     To the extent Defendant made any statement alleged by Plaintiff (which is expressly denied), such statement or statements were not damaging on its, or their, face without further explanation.

/ / /

/ / /

**DEFENDANT CHAD O'CONNOR'S ANSWER
TO PLAINTIFF LINDSAY MELO'S COMPLAINT**

ClarkHill\K1195\415855\261337232.v1-11/23/20

**SEVENTH AFFIRMATIVE DEFENSE**

7.      To the extent Defendant made any statement alleged by Plaintiff (which is expressly denied), such statement or statements were privileged.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      To the extent Defendant made any statement alleged by Plaintiff (which is expressly denied), Plaintiff was not damaged by such statement or statements.

**NINTH AFFIRMATIVE DEFENSE**

9.      To the extent Defendant made any statement alleged by Plaintiff (which is expressly denied), such statement or statements were true.

**TENTH AFFIRMATIVE DEFENSE**

10.     To the extent Plaintiff suffered any damages as alleged (which is expressly denied), such damages were caused or contributed to by Plaintiff's own actions or the actions of others over whom Defendant exercised no control. Plaintiff, by the exercise of reasonable effort and/or care, could have mitigated the amount of damages alleged to have been suffered, but Plaintiff has failed, neglected and refused, and continues to fail, neglect and refuse to exercise a reasonable effort to mitigate any and all damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Defendant has insufficient knowledge or information upon which to form a belief as to whether he may have additional, and as yet unstated, affirmative defenses available, and Defendant reserves the right to assert such additional defenses in the event discovery, investigation, or analysis indicate they are proper.

WHEREFORE, Defendant requests judgment as follows:

1.      That Plaintiff take nothing by reason of the Complaint;

2.      That this action be dismissed in its entirety with prejudice;

3.      That judgment be entered in favor of Defendant and against Plaintiff

4.      That Defendant be awarded his costs and expenses of suit herein, including his reasonable attorneys' fees; and

/ / /

**DEFENDANT CHAD O'CONNOR'S ANSWER**
**TO PLAINTIFF LINDSAY MELO'S COMPLAINT**

ClarkHill\K1195\415855\261337232.v1-11/23/20

5.      That this Court grant such other and further relief to Defendant as may be deemed just and proper.


Dated:  November 23, 2020                          CLARK HILL LLP



                                                   By:  _____
                                                         Michael B. Sachs
                                                   Attorneys for Defendant
                                                   CHAD O'CONNOR

**DEFENDANT CHAD O'CONNOR'S ANSWER
TO PLAINTIFF LINDSAY MELO'S COMPLAINT**

ClarkHill\K1195\415855\261337232.v1-11/23/20

**PROOF OF SERVICE**

*Melo v. Outreach Corporation, et al*
*San Mateo County Superior Court No. 20-civ-04639.*

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

     I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is One Embarcadero Center, Suite 400, San Francisco, California 94111.

     On November 23, 2020, I served the foregoing documents described as **DEFENDANT CHAD O'CONNOR'S ANSWER TO PLAINTIFF LINDSAY MELO'S COMPLAINT**   on the parties in this action by placing

     ☐  the original of the document(s)      ☒   true copies of the document(s)

in separate sealed envelopes addressed to the following party(ies) in this matter at the following address(es):

| | |
|---|---|
| Rory Quintana, Esq.<br>Quintana Hanafi LLP<br>870 Market Street, Suite 819<br>San Francisco, CA  94102 | Attorneys for Plaintiff<br><br>Tel:  (415) 504-3121<br>Fax:  (415) 233-8770<br><br>rory@qhplaw.com |
| Sara A. Moore, Esq.<br>Blair K. Walsh, Esq.<br>Gordon Rees Scully Mansukhani<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111 | Attorneys for Defendant Outreach Corporation<br><br>Tel:  (415) 986-5900<br>Fax:  (415) 986-8054<br><br>smoore@grsm.com<br>bwalsh@grsm.com |

☐    BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith. I am readily familiar with Clark Hill's practice of collection and processing correspondence for mailing.  Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐    BY OVERNIGHT DELIVERY:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    BY FACSIMILE:  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the above-named persons at the fax numbers exhibited therewith.

**DEFENDANT CHAD O'CONNOR'S ANSWER**
**TO PLAINTIFF LINDSAY MELO'S COMPLAINT**
ClarkHill\K1195\415855\261337232.v1-11/23/20

No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

☐   BY PERSONAL SERVICE:  I personally delivered the documents to the above-named persons at the addresses exhibited therewith.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐   BY E-MAIL OR ELECTRONIC TRANSMISSION:  I caused the document to be sent to the above-named persons at the e-mail addresses exhibited therewith.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐   BY ELECTRONIC:  I caused the above-entitled document(s) to be served through LexisNexis Courtlink addressed to all parties appearing on the LexisNexis Courtlink electronic service list for the above-entitled case.  The file transmission was reported as completed and a copy of the "LexisNexis Courtlink Filing Receipt" page(s) will be maintained with the original document(s) in our office.

Executed on November 23, 2020, at Castro Valley, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
CHRISTINE THOMAS

**DEFENDANT CHAD O'CONNOR'S ANSWER**
**TO PLAINTIFF LINDSAY MELO'S COMPLAINT**

ClarkHill\K1195\415855\261337232.v1-11/23/20